**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: § § **LEGENDARY FIELD EXHIBITIONS, LLC,** § § § § **Debtor.** § | | **CASE NO. 19-50900-CAG** **CHAPTER 7** |
| **DUNDON CAPITAL PARTNERS LLC,** § § **Plaintiff,** § § **v.** § § **CHARLES EBERSOL,** § § **Defendant.** § | | **ADV. NO. 22-05077** **Judge: Craig A. Gargotta** |

**DEFENDANT CHARLES "CHARLIE" EBERSOL'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Defendant Charles "Charlie" Ebersol ("Defendant" or "Ebersol") files this Original Answer to Plaintiff's Original Complaint (the "Complaint") filed by Plaintiff Dundon Capital Partners LLC ("Plaintiff").

## INTRODUCTION

1. Defendant denies the allegations contained in paragraph 1.

2. Defendant denies the allegations contained in paragraph 2.

3. Defendant denies the allegations contained in paragraph 3.

4. Defendant denies the allegations contained in paragraph 4.

5. Defendant denies the allegations contained in paragraph 5.

6. Defendant denies the allegations contained in paragraph 6.

7. Defendant denies the allegations contained in paragraph 7.

8. Defendant denies the allegations contained in paragraph 8.

## PARTIES

9. Defendant admits that Dundon Capital Partners LLC is a Delaware limited liability company and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9, and therefore denies same.

10. Defendant admits the allegations contained in paragraph 10.

## JURISDICTION AND VENUE

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12.

### General Allegations

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and therefore denies same.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and therefore denies same.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and therefore denies same.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and therefore denies same.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and therefore denies same.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and therefore denies same.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and therefore denies same.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26, and therefore denies same.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27, and therefore denies same.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28, and therefore denies same.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29, and therefore denies same.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30, and therefore denies same.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31, and therefore denies same.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32, and therefore denies same.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33, and therefore denies same.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of all the allegations contained in paragraph 34, and therefore denies same.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35, and therefore denies same.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36, and therefore denies same.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, and therefore denies same.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of all the allegations contained in paragraph 38, and therefore denies same.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39, and therefore denies same.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40, and therefore denies same.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41, and therefore denies same.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42, and therefore denies same.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43, and therefore denies same.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44, and therefore denies same.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45, and therefore denies same.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46, and therefore denies same.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47, and therefore denies same.

## CAUSES OF ACTION

### Count I – Fraudulent Inducement

48. Defendant incorporates by reference all of the foregoing paragraphs as if set forth herein.

49. Defendant denies the allegations contained in paragraph 49.

50. Defendant denies the allegations contained in paragraph 50.

51. Defendant denies the allegations contained in paragraph 51.

52. Defendant denies the allegations contained in paragraph 52.

53. Defendant denies the allegations contained in paragraph 53.

54. Defendant denies the allegations contained in paragraph 54.

55. Defendant denies the allegations contained in paragraph 55.

56. Defendant denies the allegations contained in paragraph 56.

57. Defendant denies the allegations contained in paragraph 57.

58. Defendant denies the allegations contained in paragraph 58.

59. Defendant denies the allegations contained in paragraph 59.

60. Defendant denies the allegations contained in paragraph 60.

61. Defendant denies the allegations contained in paragraph 61.

62. Defendant denies the allegations contained in paragraph 62.

63. Defendant denies the allegations contained in paragraph 63.

64. Defendant denies the allegations contained in paragraph 64.

65. Defendant denies the allegations contained in paragraph 65.

66. Defendant denies the allegations contained in paragraph 66.

## Count II – Section 33 of the Texas Securities Act

67. Defendant incorporates by reference all of the foregoing paragraphs as if set forth herein.

68. Defendant denies the allegations contained in paragraph 68.

69. Defendant denies the allegations contained in paragraph 69.

70. Defendant denies the allegations contained in paragraph 70.

71. Defendant denies the allegations contained in paragraph 71.

72. Defendant denies the allegations contained in paragraph 72.

73. Defendant denies the allegations contained in paragraph 73.

74. Defendant denies the allegations contained in paragraph 74.

75. Defendant denies the allegations contained in paragraph 75.

76. Defendant denies the allegations contained in paragraph 76.

77. Defendant denies the allegations contained in paragraph 77.

78. Defendant denies the allegations contained in paragraph 78.

79. Defendant denies the allegations contained in paragraph 79.

80. Defendant denies the allegations contained in paragraph 80.

81. Defendant denies the allegations contained in paragraph 81.

82. Defendant denies the allegations contained in paragraph 82.

83. Defendant denies the allegations contained in paragraph 83.

### Count III – Section 27 of the Texas Business and Commerce Code

84. Defendant incorporates by reference all of the foregoing paragraphs as if set forth herein.

85. Defendant denies the allegations contained in paragraph 85.

86. Defendant denies the allegations contained in paragraph 86.

87. Defendant denies the allegations contained in paragraph 87.

88. Defendant denies the allegations contained in paragraph 88.

89. Defendant denies the allegations contained in paragraph 89.

90. Defendant denies the allegations contained in paragraph 90.

91. Defendant denies the allegations contained in paragraph 91.

92. Defendant denies the allegations contained in paragraph 92.

93. Defendant denies the allegations contained in paragraph 93.

94. Defendant denies the allegations contained in paragraph 94.

95. Defendant denies the allegations contained in paragraph 95.

96. Defendant denies the allegations contained in paragraph 96.

97. Defendant denies the allegations contained in paragraph 97.

98. Defendant denies the allegations contained in paragraph 98.

99. Defendant denies the allegations contained in paragraph 99.

100. Defendant denies the allegations contained in paragraph 100.

101. Defendant denies the allegations contained in paragraph 101.

## PRAYER FOR RELIEF

Defendant is not required to admit or deny the allegations or requests for relief under the paragraph entitled "PRAYER FOR RELIEF," but Defendant denies that Plaintiff is entitled to any relief sought therein.

## ADDITIONAL DEFENSES

1. Defendant asserts that this Court lacks subject matter jurisdiction over this matter.

2. Plaintiff fails to state a claim upon which relief can be granted with regard to its claims against Defendant for fraudulent inducement, violation of Section 33 of the Texas Securities Act, and Section 27 of the Texas Business and Commerce Code.

3. Plaintiffs' claims are barred, in whole or in part, under the doctrines of estoppel, waiver, and laches.

4. Plaintiffs' claims against Defendant are barred in whole or in part because Defendant satisfied all obligations, if any, under applicable law.

5. Plaintiffs' claims are barred in whole or in part because, at all material times, Defendant acted reasonably, in good faith, and without malice based upon all relevant facts and circumstances known by Defendant at the time.

6. Plaintiff's recovery is limited in whole or in part by Plaintiff's failure to mitigate its alleged damages, if any, and also by the doctrine of avoidable consequences and all similar and equivalent doctrines.

7. Plaintiff is barred from recovery against Defendant due to the intentional intervening acts of a third party, which shield Defendant from liability.

8. Plaintiffs' claims are barred based on the doctrine of unclean hands.

9. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate damages, if any.

10. Any acts or omissions by Defendant were not a proximate cause of any injuries alleged by Plaintiff.

11. Plaintiffs' claims are barred to the extent Plaintiff was not employed by Defendant.

12. Plaintiffs' claims are barred, in whole or in part, because there is no individual liability for the alleged acts or omissions of Defendant.

13. Plaintiffs' claims are barred because Defendant has appropriately, completely and fully performed and discharged any and all obligation and legal duties arising out of the matters alleged in the Complaint.

14. Plaintiffs' claims are barred because Plaintiff lacks standing to prosecute the purported claims set forth in the Complaint.

15. Plaintiff is barred from prosecuting the claims alleged in the Complaint by the doctrine of ratification.

16. To the extent Plaintiff suffered any damages, such damages should be offset in an amount to be proven.

## PRAYER

Defendant Charles Ebersol prays that Plaintiff takes nothing by the Complaint; and that the Court awards Defendant his costs incurred herein, including attorneys' fees as allowable by law; and for such other and further relief, at law or in equity, which the Court deems proper.

**DEFENDANT CHARLES "CHARLIE" EBERSOL'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT – Page 9**

12110747v2
08011.671

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: /s/ William N. Radford
William N. Radford
Texas State Bar No. 16455200
wradford@thompsoncoe.com

700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP

1880 Century Park East, Suite 900
Los Angeles, California 90067
Telephone: (310) 446-9900
Facsimile: (310) 446-9909
Michael J. Saltz
*Pro Hac Vice Application Pending*
msaltz@jrsnd.com

**ATTORNEYS FOR DEFENDANT CHARLES "CHARLIE" EBERSOL**

# CERTIFICATE OF SERVICE

The undersigned counsel of record hereby certifies that on March__, 2023, true and correct copies of the foregoing document were served electronically via the Court's CM/ECF system to all those entitled to receive service in this adversary proceeding and to all counsel of record via email, as follows:

| | |
|---|---|
| Brent D. Hockaday<br>Jeffrey S. Lowenstein<br>Brent A. Turman<br>BELL, NUNNALLY & MARTIN, LLP<br>2323 Ross Avenue, Suite 1900<br>Dallas, Texas 75201<br>bhockaday@bellnunnally.com<br>jlowenstein@bellnunnally.com<br>bturman@bellnunnally.com<br>**Attorneys for Dundon Capital Partners LLC** | William A. "Trey" Wood, III<br>Steve Turner<br>BRACEWELL, LLP<br>711 Louisiana, Suite 2300<br>Houston, Texas 77002<br>Trey.wood@bracewell.com<br>**Attorneys for Chapter 7 Trustee** |

**DEFENDANT CHARLES "CHARLIE" EBERSOL'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT – Page 10**
12110747v2
08011.671

| | |
|---|---|
| Brian S. Engel<br>BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP<br>3809 Juniper Trace, Suite 205<br>Austin, Texas 78738<br>brianen@bdfgroup.com<br>wdecf@bdfgroup.com<br>**Attorneys for Chapter 7 Trustee** | Randolph N. Osherow<br>342 West Woodlawn Avenue, Suite 100<br>San Antonio, Texas 78212<br>rosherow@hotmail.com<br>**Chapter 7 Trustee** |

*/s/ William N. Radford*
William N. Radford

**DEFENDANT CHARLES "CHARLIE" EBERSOL'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT – Page 11**
12110747v2
08011.671