

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: February 01, 2024.**

_____
**CRAIG A. GARGOTTA
CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE | § § | **CASE NO. 19-50900-CAG** |
| LEGENDARY FIELD EXHIBITIONS, LLC, | § § § | **CHAPTER 7** |
| DEBTOR. | § § | |

---

| | | |
|---|---|---|
| DUNDON CAPITAL PARTNERS LLC, | § § | |
| Plaintiff, | § § | **Adversary No. 22-05077-cag** |
| v. | § § | **Judge: Craig A. Gargotta** |
| CHARLES EBERSOL, | § § | |
| Defendant. | § § | |

---

### AGREED PRE-TRIAL SCHEDULING ORDER

Counsel for the Parties have conferred and recommended the Court enter a scheduling order for the control and management of this Adversary Proceeding. In addition, the Parties have conferred and agree to consolidate the pretrial discovery scheduling with "Related Adversary"

Proceeding, *Randolph N. Osherow, Chapter 7 Trustee, and the Bankruptcy Estates of Legendary Filed Exhibitions, LLC, AAF Players, LLC, AAF Properties, LLC, Ebersol Sports Media Group, Inc., LFE2, LLC, and We Are Realtime, LLC v. Thomas Dundon, John Zutter, and Dundon Capital Partners, LLC*, Case No. 19-05078-cag (the "Trustee Proceeding"), also pending before this Court. A corresponding Scheduling Order has been entered in that proceeding. The Parties are directed to coordinate the conduct of discovery to minimize the burden and inconvenience to fact witnesses and other non-parties, including with respect to scheduling of depositions.

Should any of the deadlines fall on a weekend or federal court holiday, such as a Saturday or July 4 by way of example, the deadline shall roll to the following Monday or regular business day the Court is open after such holiday.

With due regard to the parties' recommendations and other pertinent matters, the Court enters the following scheduling deadlines and order.

**IT IS ORDERED THAT THE FOLLOWING DEADLINES SHALL APPLY:**

| February 5, 2024 | **Pleading Amendments.** No further amended pleadings may be filed except upon motion and the prior order of the Court. |
|---|---|
| February 5, 2024 | **Rule 26 Disclosures.** All Parties asserting or resisting claims for relief will serve on all other parties, but not file, the disclosures required by Federal Rule of Civil Procedure 26(a)(1). |
| February 5, 2024 | **Written Discovery Requests.** Plaintiffs and Defendants may propound initial written interrogatories, requests for production, and requests for admission, if any, starting on this date. Parties may thereafter propound additional discovery requests, if any, in accordance with the Federal Rules of Bankruptcy Procedure except that Interrogatories will be limited to a total of 50 per propounding Party. |
| | **Depositions.** Each Party may notice and take up 35 depositions without leave of court. Depositions taken in this Adversary Proceeding or in the Related Adversary Proceeding will be considered taken in and may be used in both proceedings. The parties will coordinate to ensure that a witness is deposed only once. |
| July 12, 2024 | **Mediation.** The Parties will mediate on or before this date. |

| | |
|---|---|
| May 20, 2024 | **Plaintiffs' Expert Witnesses.** Plaintiff will designate* retained testifying expert witnesses, if any. |
| May 24, 2024 | **Expert Depositions.** Plaintiff will tender their designated experts, if any, on or before this date, but the Defendants may take those depositions at any time before discovery closes. |
| June 24, 2024 | **Defendants' Expert Witnesses.** Defendants to designate* retained expert witnesses. |
| June 27, 2024 | **Expert Depositions.** Defendants will tender their designated experts, if any, on or before this date, but Plaintiffs may take those depositions at any time before discovery closes. |
| July 15, 2024 | **Discovery Completed**. The parties will complete discovery on or before this date. Counsel may, by agreement, amend, extend, or otherwise alter the dates and deadlines for discovery, or for certain discovery and may by agreement extend discovery beyond the deadlines set in this Order, but there will be no intervention by the Court except in extraordinary circumstances. |
| | **Discovery Disputes.** Counsel is encouraged to resolve discovery disputes by agreement. Motions to compel, motions for protective orders and similar motions, while not prohibited, may result in sanctions being imposed on the losing party or both parties as provided in Fed. R. Bankr. P. 7037 & 9011 or 28 U.S.C. section 1927, if a hearing is required thereon.<br><br>All discovery shall be commenced at a time which allows for the full response time provided by applicable rules on or before the discovery deadline. E.g., if the discovery deadline is July 15, interrogatories must be actually delivered, on or before June 15, in order to allow thirty days for answers. If the interrogatories are mailed, then they must be mailed on or before June 12, pursuant to Fed. R. Bankr. P. 9006(f), to allow three additional days for service by mail. |
| May 17, 2024 | **Dispositive Motions.** All dispositive motions will be filed and served on all other parties on or before this date and shall be limited to 30 pages unless otherwise authorized by the court. *See* L. Rule 7007(a) for the definition of dispositive motions and page limits. Responses shall be filed and served on all other parties not later than 21 days of the service of the motion and shall be limited to 30 pages. *See* L. Rule 7007(b) (2). Any replies shall be filed and served on all other parties not later than 7 days of the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion. *See* L. Rule 7007(c). |
| | **Other Motions.** Motions other than Rule(s) 7012 or 7056 are governed by L. Rule 7007, 9013, and 9014 where applicable. |
| 10 days before Docket Call | **Joint Pre-trial Order.** A joint pre-trial order and proposed findings of fact and conclusions of law are due. *See* L. Rule 7016(c) and (d). |

**AGREED PRE-TRIAL SCHEDULING ORDER** P a g e | 3

| | |
|---|---|
| August 1, 2024 | **Docket Call for Trial. Docket Call. 9:00 a.m.** Parties to appear telephonically. **Call-in number:** 1-650-479-3207 **Access code:** 160 591 1937. Parties will be required to discuss at docket call any objections to the use of deposition testimony and stipulations regarding the use of experts for trial. At docket call, the Court will set a date to commence trial.<br><br>**Failure to attend docket call may result in dismissal or rendition of final judgment. Any party may, however, authorize any member of the Bar of this Court, including opposing counsel, to make an appearance on your behalf at docket call, if there are no contested motions for continuance, motions for default judgment or motions under Fed. R. Civ. P. 12 and Fed. R. Bankr. P. 7012.** |
| | **Exhibits.** Exhibits and a witness list are to be exchanged seven business days in advance of trial. *See* L. Rule 7016(f). In addition, counsel is encouraged to present and provide electronic versions of exhibits where practicable. Use and presentation of electronic exhibits should be coordinated through the courtroom deputy. |

*The parties' expert designations shall identify the expert by name and address and shall also state the opinions the expert intends to offer at trial and in general the factual and legal bases for those opinions. Documents made available to the expert shall be made available to the opposing side a reasonable time before deposition.

**Sides as "Parties" for Discovery.** For the purposes of the discovery limitations in this scheduling order, the Trustee, as Chapter 7 Trustee of the consolidated bankruptcy estates of Legendary Field Exhibitions, LLC, AAF Players, LLC, AAF Properties, LLC, Ebersol Sports Media Group, Inc., LFE2, LLC and We Are Realtime, LLC are considered to be single Party; Thomas Dundon, Dundon Capital Partners, LLC and John Zutter are considered to be a single Party and Charles Ebersol is considered to be a single Party.

**Redaction.** Counsel is reminded that, regarding any paper that is filed, compliance with Fed. R. Civ. P. 5.2 is mandatory. As such, counsel should ensure that appropriate redactions are made.

**Production of Electronic Images.** Documents may be produced and served as electronic images. Neither paper copies nor originals are required absent a specific request by a party.

**Electronically Stored Information.** This Scheduling Order does not specifically address the discovery of electronically stored information (ESI). To the extent the parties believe that ESI is subject to discovery, the parties are directed to reach an agreement on production of ESI. The parties are encouraged to consider the template developed by the Seventh Circuit Electronic Discovery Pilot Program. See (http://www.discoverypilot.com). Any party may bring any dispute regarding the discovery of ESI.

**Modification and Amendment.** The Court may, upon its own motion or motion for cause shown, extend, reduce, or otherwise modify the deadlines set out in the Scheduling Order. Mere agreement

of the parties to such extensions or modifications is not of itself sufficient cause.

**Foreign Counsel.** Counsel residing outside the State of Texas may designate local counsel in writing, giving the street address, telephone number and mailing address. The designation shall be filed with the Clerk of the Court in this proceeding, and a copy shall be sent to all other counsel of record in this proceeding. This provision may be waived by the Court upon motion of counsel and service upon other parties

**Alternative Dispute Resolution.** The parties will mediate in prior to the date the Pre−Trial Order is required to be filed, to fully explore the possibility of settlement. The Pre-Trial Order will contain a certificate that such mediation was held.

**Counsel to Confer.** Prior to the date the Pre-Trial Order is required to be filed, Counsel will confer in good faith to consider stipulation to matters not in dispute and to simplify the issues for trial. The Pre-Trial Order shall contain a certificate to the effect that the conference of counsel has been held. Counsel must also confer to determine whether the original time estimate for trial is correct or should be revised. If the parties wish to have a pre−trial conference with the Court, a pre−trial conference should be requested as early as possible, but at least 60 days prior to the trial.

**Matters Considered at Docket Call.** Docket call is set on the docket call date provided in the scheduling order. The only matters to be considered by the Court at docket call are as follows:
    a. Date, time and place of trial following docket call.
    b. Properly and timely−filed motions for continuance or for default judgment.
    c. Motions not previously ruled on under Fed. R. Civ. P. 12 and Fed. R. Bankr. P. 7012.
    d. Settlement announcements. Failure to attend docket call may result in dismissal or rendition of final judgment. You may, however, authorize any member of the Bar of this Court, including opposing counsel, to make an appearance on your behalf at docket call, if there are no contested motions for continuance, motions for default judgment or motions under Fed. R. Civ. P. 12 and Fed. R. Bankr. P. 7012.

###

Submitted by:

Brent D. Hockaday
Bell Nunnally & Martin LLP
2323 Ross Avenue Suite 1900
Dallas, Texas 75201