

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 25, 2025.**

_____
**CRAIG A. GARGOTTA**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 19-50900-CAG |
| | § | |
| LEGENDARY FIELD EXHIBITIONS, LLC, et al., | § | |
| | § | |
| | § | |
| Debtors. | § | CHAPTER 7 |

| | | |
|---|---|---|
| DUNDON CAPITAL PARTNERS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | Adversary NO. 22-05077-CAG |
| v. | § | |
| | § | |
| CHARLES EBERSOL, | § | |
| | § | |
| Defendant. | § | |

### ORDER DENYING DEFENDANT'S RULE 11 MOTION FOR SANCTIONS (ECF NO. 184).

Came on to be considered is Defendant's Motion for Sanctions Under Rule 11 ("Motion for Sanctions"). (Case No. 22-05077 at ECF No. 184).[1] The Court took this matter under advisement. For the reasons provided herein, the Motion for Sanctions is **DENIED.**

---

[1] "ECF" refers to the electronic case file docket number.

Legendary Field Exhibitions, LLC filed its Chapter 7 bankruptcy petition on April 17, 2019 (Case No. 19-50900 at ECF No. 1). On July 8, 2019, Ebersol Sports Media Group, Inc. ("ESMG") was added to the case. *Id.* at ECF No. 150. Dundon Capital Partners LLC ("DCP") filed its Original Complaint against Charles Ebersol ("Ebersol") on November 14, 2022 (Case No. 22-05077 at ECF No. 1). Ebersol moved for summary judgment on December 31, 2024. *Id.* at ECF No. 102. The parties completed their briefings on summary judgment on January 22, 2025. *Id.* at ECF No. 142. The Court held a hearing on January 31, 2025, where it took the matter under advisement. On March 3, 2025, the Court granted Ebersol's Motion for Summary Judgment. *Id.* at ECF No. 171. Ebersol subsequently moved for Rule 11 sanctions against DCP on May 20, 2025 ("Motion"). *Id.* at ECF No. 184. DCP filed its Response to Defendant Charles Ebersol's Motion for Sanctions ("Response") on July 30, 2025. *Id.* at ECF No. 213.

In his Motion, Ebersol cites Rule 11(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.[2] He argues that DCP brought a frivolous lawsuit based on an unsigned term sheet because it was "on notice that DCP had potentially never executed the Term Sheet." (ECF No. 184 at 2, 3). DCP responds that it sued Ebersol for fraud, not breach of the Term Sheet, and that Ebersol's Motion did not follow Rule 11 procedure.[3] (ECF No. 213 at 9–10, 13). The Court agrees with DCP that Ebersol failed to strictly comply with the proper procedure for a Rule 11 motion. As discussed further below, Ebersol's Rule 11 Motion is procedurally defective, and it is denied on that basis. There is no need to reach the Motion's merits.

---

[2] The Court will analyze the present Rule 11 Motion considering the analogous jurisprudence developed under Bankruptcy Code 9011, as they remain substantively similar. ***In re Sylver***, 214 B.R. 422, 428 (B.A.P. 1st Cir. 1997) (per curiam).

[3] DCP raised several hearsay and relevancy objections under the Federal Rules of Evidence pertaining to the attached Unsworn Declaration of Michael Saltz in Support of Motion for Sanctions. (ECF No. 213 at 5). The Court need not address the evidentiary objections, as they involve legal determinations that have no bearing on the resolution of the matter at hand.

<u>JURISDICTION</u>

As a preliminary matter, the Court has jurisdiction pursuant to 28 U.S.C. § 1334. This case was referred to the Court by the Standing Order by Reference entered in this District, and the parties consented to entry of final orders by the Court (ECF Nos. 14, 18).

<u>LEGAL STANDARD</u>

Rule 11(b) of the Federal Rules of Civil Procedure provides that when parties present a pleading to the Court, they certify that "(1) it is not being presented for any improper purpose," "(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument," and "(3) the factual contentions have evidentiary support" or "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b). Parties who violate Rule 11 are subject to sanctions at the discretion of the Court. *Id.* 11(c)(1); *Mercury Air Grp. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001) ("[T]he imposition of sanctions is often a fact-intensive inquiry, for which the trial court is given wide discretion."). A court "should not impose Rule 11 sanctions for advocacy of a plausible legal theory, particularly where . . . the law is arguably unclear." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 528 (5th Cir. 2016) (quoting *Smith v. Our Lady of the Lake Hosp., Inc.*, 960 F.2d 439, 444 (5th Cir. 1992)). "[M]isapplication of Rule 11 can chill counsel's 'enthusiasm and stifle the creativity of litigants in pursuing novel factual or legal theories,' contrary to the intent of its framers." *Id.* at 529 (quoting *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 885 (5th Cir. 1993)).

Before analyzing the merits of a Rule 11 motion, the Court must make a preliminary determination of whether the movant complied with the procedural requirements set forth under Rule 11(c)(2). *Askins v. Hagopian*, 713 F. App'x 380, 380–81 (5th Cir. 2018) (per curiam). Failure to comply with Rule 11(c)(2) requirements will result in a denial of sanctions. *Cadle Co. v. Pratt (In re Pratt)*, 524 F.3d 580, 586 (5th Cir. 2008); *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2002); *Elliot v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995).

<u>ANALYSIS</u>

Ebersol's Motion suffers from two fundamental defects. First, sanctions may only be imposed if the offending attorney has "notice and a reasonable opportunity to respond." FED. R. CIV. P. 11(c)(1); *see Tompkins*, 202 F.3d at 788. Second, the motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." FED. R. CIV. P. 11(c)(2) (the "safe harbor provision"); *see Tompkins*, 202 F.3d at 788.

## I.  Ebersol's Motion is Untimely.

Although Rule 11(c)(2) does not prescribe an explicit time period for the Motion for Sanctions to be filed, the advisory committee notes to the 1993 amendments provide some guidance: "[T]he motion should be served *promptly* after the inappropriate paper is filed, and if delayed too long, may be viewed as untimely." FED. CIV. P. 11(c) advisory committee notes. *Contrast* FED. CIV. P. 11(c)(2), *with* FED. CIV. P. 54(d)(2).

Ebersol argues that "DCP's *Complaint* violates FRCP 11(b)." (ECF No. 184 at 3) (emphasis added). DCP filed its Complaint against Ebersol on November 14, 2022. (ECF No. 1). The record indicates that Ebersol notified DCP of his intent to seek sanctions over two years later, on February 6, 2025 (ECF No. 213). Two and a half years after DCP filed its Complaint against Ebersol, and two months after the Court entered judgment against him, Ebersol now moves for sanctions. (ECF Nos. 171, 184). The Court finds that the delay is untimely. *See Gen. Motors Acceptance Corp. v. Bates*, 954 F.2d 1081, 1086 (5th Cir. 1992) (reversing the district court's order imposing sanctions because the defendants failed to file their Rule 11 motion for over two years following the allegedly sanctionable conduct).

In holding that Ebersol's Motion for Sanctions must be denied as untimely, this Court aligns with other courts in the Fifth Circuit that have reached a similar conclusion.[4] The Court, however, remains

---

[4] *See, e.g.*, *WSOU Invs., LLC v. Salesforce, Inc.*, No. 6:20-CV-1163-ADA-DTG, 2024 WL 1207167, at *2 (W.D. Tex. Feb. 22, 2024) ("The complaint was filed over two years before Defendant filed its Motion. . . . Defendant's delay in bringing its motion prevents Plaintiff from withdrawing the offending pleadings as the case has been dismissed—

concerned with the appropriate time for filing the Rule 11 motions. There is no Fifth Circuit opinion squarely addressing the timeliness of Rule 11 motions for sanctions[5]—specifically, how long after the alleged sanctionable conduct a motion may be properly filed. The Third Circuit has articulated the prevailing rationale:

> Promptness in filing valid motions will serve not only to foster efficiency, but in many instances will deter further violations of Rule 11 which might otherwise occur during the *remainder of the litigation*. . . . If there is doubt how the . . . court will rule on the challenged pleading or motion, the filing of the paper is unlikely to have violated Rule 11. As stated before, mere failure to prevail does not trigger a Rule 11 sanction order.

*Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 99 (3d Cir. 1988) (emphasis added).

Ebersol's Motion is additionally defective because it was filed after the Court entered a final judgment in his favor. *Tompkins*, 202 F.3d at 788; *see Phillips v. Parish*, 31 F. App'x 159, 159 (5th Cir. 2001) (per curiam) (finding the district court abused its discretion in imposing Rule 11 sanctions because

---

which has the practical effect of dropping the offending pleadings."), *report and recommendation adopted*, 2024 WL 1200959; *Mackey v. Am. Multi-Cinema, Inc.*, No. 20-1350, 2023 WL 4637076, at *2 (E.D. La. July 20, 2023); *Stevens Transp., Inc. v. Stautihar*, No. 3:19-CV-2590-N, 2021 WL 718391, at *3 (N.D. Tex. Feb. 24, 2021) (finding a motion for sanctions untimely because it was filed after the conclusion of the case); *Gavola v. Asbra*, No. 3:11-cv-03528, 2017 WL 3529338, at *2 (N.D. Tex. Aug. 17, 2021); *Wesolek v. Layton*, No. H-12-3210, 2014 WL 1030176, at *5 (S.D. Tex. Mar. 14, 2014) ("A motion for sanctions filed after the case has concluded does not give the opposing party an opportunity to correct a complaint allegedly filed in violation of Rule 11"); *Snapt, Inc. v. Ellipse Commc'ns*, No. 3:09-cv-661-O, 2011 WL 13206110, at *2 (N.D. Tex. Nov. 8, 2011) ("A motion for Rule 11 sanctions made for the first time after the granting of summary judgment is not timely because it does not afford the non-movant a reasonable opportunity to correct its complaint."), *aff'd on other grounds*, 430 F. App'x 346 (5th Cir. 2011); *Argent Mortg. Co., LLC v.* **Diaz**, No. H-05-3058, 2006 WL 2092430, at *3 (S.D. Tex. July 26, 2006).

Other circuit courts have likewise held that comparable delays render a Rule 11 motion untimely. *See, e.g.*, *In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008) (per curiam) (holding service and filing of a motion for sanctions must occur before the court disposes of the offending contention); *Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006) ("[S]anctions should have been denied because they were not filed until after the district court had dismissed the complaint."); *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 394 (4th Cir. 2004) (en banc) ("[S]anctions cannot be sought after summary judgment has been granted"); *In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 n.2 (2d Cir. 2003) ("At the very least, a party must serve its Rule 11 motion before the court has ruled on the pleading, and thus before the conclusion of the case. Otherwise, the purpose of the 'safe harbor' provision would be nullified."); *Nicola v. Mirow (In re Nicola)*, 65 F. App'x 759, 762 (3d Cir. 2003) (per curiam) (extending its supervisory rule requiring sanctions motions to be filed before entry of final judgment to bankruptcy proceedings); *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (agreeing with the Sixth Circuit that a party must move for sanctions before summary judgment); *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997) ("[A] party cannot wait to seek sanctions until after the contention has been judicially disposed.").

[5] The court explained in *Thomas v. Cap. Sec. Servs., Inc.* that "sanctions must be imposed within a time frame that has a nexus to the behavior sought to be deterred." *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 881 (5th Cir. 1988). *Thomas* was decided before the 1993 amendments to Rule 11, invoking what is known as the "snapshot rule," which determines the sanctionable conduct at the time of filing. *Id.* at 874. Since then, and following the 1993 amendments, the Fifth Circuit has consistently upheld the snapshot rule.

the motion was served and filed post-judgment).*Garcia v. Rauch-Milliken Int'l, Inc.*, No. 5-18-CV-01028-FB-RBF, 2020 WL 7495251, at *3 (W.D. Tex. Oct. 16, 2020) (denying motion for sanctions because it was filed after entry of final judgment in movant's favor), *report and recommendation adopted*, 2020 WL 7495242; *Margetis v. Furgeson*, 666 Fed. App'x 328, 332 (5th Cir. 2016) (per curiam) (holding the Rule 11 motion was timely because it was filed before the district court adopted the report and recommendation); *Argent Mortg. Co., LLC v.* **Diaz**, No. H-05-3058, 2006 WL 2092430, at *3 (S.D. Tex. July 26, 2006) (finding the Rule 11 was untimely because the movant did not give 21 days' notice and filed the motion after the case was concluded). Rule 11 is designed to deter improper conduct during the litigation itself, not to serve as a post-judgment remedy. FED. CIV. P. 11(c)(4); *see Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (explaining that Rule 11's purpose is deterrence, not compensation).

The Court concludes that the Motion should be denied as procedurally improper because it was filed *after* the Court's Order Granting Defendant's Motion for Summary Judgment.[6] Ebersol's counsel indicated to the Court that it began investigating Rule 11 violations when DCP filed its Original Complaint. Trial, Case No. 22-05078, Audio 5:35:10–5:35:17, May 28, 2025. Delaying the Rule 11 Motion until after the Court ruled on the merits of the underlying questions of law, ostensibly waiting on a favorable disposition, "turns Rule 11 from a powerful tool for the deterrence of abusive litigation practices to a mere fee shifting statute." *In re Quinones*, 543 B.R. 638, 648 (Bankr. N.D. Cal. 2015); *see F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 585 (5th Cir. 2008) (quoting *Nat'l Ass'n of Gov't Emps., Inc. v. Nat'l Fed'n of Fed. Emps.*, 844 F.2d 216, 222 (5th Cir. 1988)) ("Sanctions 'should not amount to an accumulation of all perceived misconduct, from filing through trial, resulting in a single post-judgment retribution in the form of a massive sanctions award.' Rule 11, therefore does not permit the imposition of sanctions simply for bringing a meritless lawsuit . . . .").

---

[6] *Cf.* FED. R. CIV. P. 11(c) advisory committee notes ("That summary judgment is rendered against a party does not necessarily mean, for purposes of [the] certification, that it had no evidentiary support for its position.").

## II.        Ebersol Did Not Serve a Copy of the Motion to DCP.

The Fifth Circuit has adopted the strict compliance standard for Rule 11 motions. *See **In re Pratt**,* at 588. The leading authority is ***In re Pratt***, where the movant filed a Rule 9011 motion in the bankruptcy court but failed to serve a *copy* of the motion on the opposing party twenty-one days before filing. ***Id.*** at 586. On appeal, the Fifth Circuit held that the failure to strictly comply with the service requirement was procedurally fatal because the Rule demands exact compliance. ***Id.*** at 588.

While informal warning letters will obviously not satisfy the service requirement, Ebersol served a version of his Motion to DCP. The notice is nevertheless non-compliant.

> There is no indication in Rule 9011 (or Rule 11) or in the advisory notes to support [the] contention that a motion for sanctions may be filed with the court without serving the respondent with a *copy* at least twenty-one days in advance. Moreover, we have continually held that strict compliance with Rule 11 is mandatory. We may not disregard the plain language of the statute and our prior precedent without evidence of congressional intent to allow "substantial compliance" through informal service.

***Id.*** (emphasis added) (footnote omitted); *see also **Triantos v. Guaetta & Benson, LLC**,* 91 F.4th 556, 564 (1st Cir. 2024) (emphasis added) (quoting ***Brickwood Contractors***, 369 F.3d at 394 ("Rule 11 'sets forth *inflexible* rules governing the circumstances under which Rule 11 sanctions may be sought and granted.'").

In its response to Ebersol's Motion, DCP urges the Court to follow ***Garcia v. Rauch-Milliken International, Inc.**.* (ECF No. 213 at 10). In ***Garcia***, the plaintiffs did not serve a copy of the "precise motion," which the court found to render the service of the motion defective. ***Garcia***, 2020 WL 7495251, at *3. In that case, the only difference between the two motions was that the filed motion included additional language referring to the report and recommendation. ***Id.*** The defendants argued for a "substantially the same" standard, which the court rejected. ***Id.*** The Court agrees that ***Garcia*** provides persuasive guidance and is appropriately applied in this case. Although Ebersol does not advocate for the "substantially the same" standard here, the Court agrees with DCP that the "bright-line rule requiring the *exact* Rule 11 motion be served" accords with the Fifth Circuit's holdings in ***Askins*** and ***In re Pratt***. ***Id.*** at *4; *see **Askins***, 713 F. App'x at 380–81.

> [A] sanctions movant should expect that its sanctions request will be denied if anything less than strict procedural compliance is presented. Moreover, without a bright line, what constitutes substantial compliance would be open to debate, and in a sanctions fight it shouldn't come as a surprise when parties try to take advantage of gray areas. Authorizing parties to make changes to sanctions motions after serving them isn't in anyone's interest.

*Id.*; *see also* ***SortiumUSA, LLC v. Hunger***, No. 3:11-cv-1656-M, 2014 WL 1080765, at *3-4 (N.D. Tex. Mar. 18, 2014) (denying the motion for sanctions because the movant did not serve a copy of the precise motion it filed with the court). Other courts within this circuit have held similarly, requiring "that the served motion must be identical to the filed motions for sanctions to comply with Rule 11." ***Uptown Grill, LLC v. Schwartz***, No. 13-6560, 2021 WL 269710, at *12 (E.D. La. Jan. 27, 2021); *see* ***Thabico Co. v. Kiewit Offshor Servs., Ltd.***, No. 2:16-CV-427, 2017 WL 3387185, at *5 (S.D. Tex. Aug. 7, 2017).

Ebersol's filed Motion differs from the motion he served DCP in two ways. First, the version of the Motion he filed added references to Rule 11(b)(3) that were not included in the version he served DCP. This is significant because Rule 11 imposes three separate affirmative duties on attorneys. ***Childs v. State Farm Mut. Auto. Ins. Co.***, 29 F.3d 1018, 1024–25 (5th Cir. 1994); *see* ***Whitehead v. Food Max of Miss., Inc.***, 332 F.3d 796, 802, 804–05 (5th Cir. 2003) (en banc) (explaining subparts of Rule 11(b) "concern quite different considerations" and should be distinctly analyzed), *cert. denied*, 540 U.S. 1047 (2003). In other words, counsel may violate Rule 11(b)(2) without necessarily violating Rule 11(b)(3). ***Snow Ingredients***, 833 F.3d at 528. Therefore, parties must receive adequate notice of the specific allegations that they violated a particular subsection of Rule 11(b).

At a hearing on May 28, 2025, Ebersol's counsel explained his Rule 11(b)(2) and (b)(3) arguments, stating that "the circumstances here are not whether they acted in bad faith, it's whether they performed a reasonable investigation once they were presented with certain pieces of evidence." Trial, Case No. 22-05078, Audio 5:35:18–5:35:17, May 28, 2025. That would be a (b)(3) violation. *See* Fed. Civ. P. 11(b)(3). He went on, however, to argue that "this was a legal position, whether they had standing or not. This isn't (1); this isn't (3); this is (2)—this is a legal position of Article 3 standing." Trial, Case No. 22-05078, Audio 5:37:05–5:37:13, May 28, 2025; *see* Fed. Civ. P. 11(b)(2). Conflating 11(b)(2) and 11(b)(3) violations

"intertwine" the "specific, enumerated subparts" of Rule 11(b). **Whitehead**, 332 F.3d at 804 n.4, 805. Although counsel premised the served motion on the date of the complaint, the Motion he ultimately filed added a Rule 11(b)(3) violation, relying on alleged misconduct that he contends occurred during or after discovery. This alteration deprived the opposing party of adequate notice during the safe-harbor period. *See* **Rodriguez v. Smith (In re Rodriguez)**, 652 B.R. 750, 757 (Bankr. S.D. Tex. 2023) ("The procedures for filing a . . . motion for sanctions are specific so as to provide the respondent adequate notice of the motion and an opportunity to resolve the offending pleading before suffering sanctions."). This omission further rendered the Motion procedurally defective, as it placed the Motion outside both the strict-compliance requirement of **In re Pratt** and the safe harbor period contemplated by the Rule.

Further, Ebersol's filed Motion includes an attached Unsworn Declaration of Michael Saltz in Support of Motion for Sanctions. (DCP No. 184). In Mr. Saltz's Declaration, he represents that the attached Exhibits are "true and correct *copies* of the Rule 11 demand letter and Rule 11 Motion" served on DCP and its counsel.[7] Yet, the inclusion of additional Rule 11(b)(3) allegations demonstrates that this statement is inaccurate. This is aside from the fact that the Declaration itself invokes further argument of judicial estoppel involving a different case, which would require the Court to consider such an argument in a separate and distinct analysis. **Love v. Tyson Foods, Inc.**, 677 F.3d 258, 261 (5th Cir. 2012) (citing **Reed v. City of Arlington**, 650 F.3d 571, 574 (5th Cir. 2011) (en banc)).

Additionally, the Proposed Order attached to the filed Motion also includes a Rule 11(b)(3) citation, indicating that Ebersol asks the Court to impose sanctions for violations of both subsections. If Ebersol's counsel wished to expand the grounds for sanctions beyond those contained in the original motion, they were required by Rule 11 to serve that exact, updated motion on DCP. Doing so would have restarted the 21-day safe harbor period, as only the service of the precise motion to be filed affords the opposing party a full and fair opportunity to withdraw and correct the challenged conduct. Serving an earlier version and

---

[7] Mr. Saltz's informal notice sent to DCP's counsel on February 6, 2025 also stated that he was proving a "*copy* of Ebersol's Notice of Motion and Motion for Sanctions Under Rule 11."

later filing a materially different Motion circumvents the cure opportunity that Rule 11's safe harbor is designed to guarantee.

<u>CONCLUSION</u>

The purpose of Rule 11(c) is to give counsel a fair chance to correct their conduct. The Motion filed must be timely and must be the same motion served. Because Ebersol waited to bring this Motion for Rule 11 Sanctions years after DCP filed its Original Complaint and months after prevailing on his Motion for Summary Judgment, the Motion for Rule 11 Sanctions is untimely. Additionally, Ebersol's counsel failed to serve DCP's counsel with a copy of the Motion it filed with the Court. Failure to strictly comply with Rule 11(c) necessitates denial of the motion, and therefore, the Court need not address the motion's merits, or whether full attorney's fees and court costs should be imposed as sanctions against DCP and its counsel.

It is therefore **ORDERED** that Defendant's Motion for Rule 11 Sanctions (ECF No. 184) is **DENIED.**

# # #